**WO** KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francis A. Grandinetti, II,   )<br>              )<br>          Plaintiff,   )<br>              )<br>vs.           )<br>              )<br>              )<br>Kay A. Bauman, et al.,   )<br>              )<br>          Defendants.   )<br>_____) | No. CV 08-1582-PHX-MHM (DKD)<br><br>**ORDER** |

Plaintiff Francis A. Grandinetti, II, who is confined in the Corrections Corporation of America facility in Eloy, Arizona, has filed a *pro se* civil rights Complaint. Plaintiff has not paid the $350.00 filing fee or filed a complete Application to Proceed *In Forma Pauperis*.

**I.     "Three Strikes Provision" of 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Because § 1915(g) is a procedural rule that does not raise retroactivity concerns, cases that were dismissed before the effective date of

1 § 1915(g), i.e., April 26, 1996, may be counted as qualifying dismissals or "strikes." Tierney
2 v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).  A prisoner barred from proceeding *in*
3 *forma pauperis* pursuant to § 1915(g) may proceed under the fee provisions of 28 U.S.C.
4 §§ 1911-14 applicable to everyone else.  Adepegba v. Hammons, 103 F.3d 383, 388 (5th
5 Cir.1996).

6 More than three of the prior actions Plaintiff has filed in federal courts have been
7 dismissed as frivolous, malicious, or as failing to state a claim.  See Grandinetti v. Iranon,
8 CV 96-101-HC (E.D. Tex. Jan. 26,1998); Grandinetti v. Iranon, CV 96-0118-TH (E.D. Tex.
9 Jul. 20, 1998); Grandinetti v. Bobby Ross Group, Inc., CV 96-117-TH (E.D. Tex. Mar. 5,
10 1999); and Grandinetti v. Luna, CV 01-1090-PHX-MHM (SLV) (D. Ariz. Aug. 3, 2001).

11 Accordingly, Plaintiff may not bring a civil action without complete pre-payment of
12 the $350.00 filing fee unless he is in imminent danger of serious physical injury.  28 U.S.C.
13 § 1915(g).

14

15 **II.    Failure to Allege Imminent Danger of Serious Physical Injury**

16 Plaintiff appears to raise claims related to past incidents of inadequate medical care.
17 An allegation of past harm does not constitute a credible allegation that Plaintiff is in
18 imminent danger of serious physical injury, as required by 28 U.S.C. § 1915(g), in order for
19 Plaintiff to bring this action without complete pre-payment of the $350.00 filing fee.
20 Accordingly, the Complaint and this action will be dismissed without prejudice pursuant to
21 28 U.S.C. § 1915(g) for failure to pre-pay the $350.00 filing fee.  If Plaintiff wishes to
22 reassert these claims in the future, he must pre-pay the entire $350.00 filing fee when he files
23 his action.

24

25 **IT IS ORDERED**:

26 (1) Plaintiff's Complaint (Doc. #1) and this action are **dismissed** pursuant to 28
27 U.S.C. § 1915(g) without prejudice to Plaintiff filing a complaint in a new case accompanied
28 by the full $350.00 filing fee.

1  (2) The Clerk of Court must enter judgment and close this case.

2  DATED this 12th day of September, 2008.

_____
Mary H. Murguia
United States District Judge

- 3 -